# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RODNEY WATTS**                                  **CIVIL ACTION**

**VERSUS**                                        **NO.  14-0719**

**BURL CAIN, WARDEN, LOUISIANA**                  **SECTION  "J"(4)**
**STATE PENITENTIARY**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.     Factual Background

The petitioner, Rodney Watts ("Watts") is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On September 15, 2003, Watts was charged by Bill of Information in St. Tammany with the attempted first degree murder of St. Tammany Parish Sheriff's Deputies James Taylor, Mark Barrios, and Brian Wetzel.[3]  He entered a plea of not guilty to each count on September 24, 2003.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 6, Bill of Information, 9/15/03.

[4]St. Rec. Vol. 1 of 6, Minute Entry, 9/24/03.

The record reflects that shortly after midnight on June 19, 2003, the St. Tammany Parish Sheriff's Office received a 9-1-1 call indicating that two black males were fighting at a residence on C. S. Owens Road in Madisonville, Louisiana.[5]  The caller told the dispatcher that one of the men had a gun.  When Deputies Ronnie Plaisance and Jeffrey Mayo arrived at the scene, a witness, Paul Burnett, told Deputy Mayo that he and Watts had been involved in a verbal argument that escalated into a physical altercation.  Burnett initiated the 9-1-1 call and then handed the phone to his fiancé, Peaches Schott, to provide information to the dispatcher.  After the call, Watts attempted to flee the scene in his van.  When he heard the patrol units approaching, he left the van and headed north on foot through the woods towards Galatas Road.  At some point, Watts retrieved a shotgun that he had previously hidden in the woods.

Other Sheriff's deputies were dispatched to Galatas Road to set up the perimeter of the area. While Deputies Plaisance and Mayo were questioning witnesses at the scene, they heard a loud boom and several popping sounds.  They believed these sounds to be consistent with sounds of a shotgun being fired followed by several pistol shots.  They then heard over the radio that two officers and the perpetrator had been shot.

Deputy Plaisance drove to Galatas Road where he saw Deputy Mark Barrios lying on the ground, Deputy James R. Taylor slumped over by a patrol unit, and Sergeant Bryan Wetzel to the right of the patrol car.  He also saw Watts lying on the ground about fifteen (15) yards from the downed officers.  All four men suffered gunshot wounds.

---

[5]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Watts*, 903 So.2d 21 (La. App. 1st Cir. 2005) (Table); St. Rec. Vol. 4 of 6, 1st Cir. Opinion, 2004-KA-1926, pp. 3-4, 5/6/05.

After being found competent to proceed, Watts was tried before a jury on January 12 and 13, 2004, and was found guilty as charged on each count.[6]  On March 11, 2004, the Trial Court denied Watts's motions for a new trial and for post-verdict judgment of acquittal.[7]  After waiver of legal delays, the Court sentenced him to serve consecutive terms of fifty (50) years in prison at hard labor on each count without benefit of parole, probation, or suspension of sentence.[8]  The Court also denied Watts's motion to reconsider the sentence.[9]  Watts also entered a plea of not guilty to the multiple offender bill filed by the State.[10]

On February 24, 2005, the Court adjudicated Watts to be a second felony offender.[11]  The Court vacated the prior sentences and sentenced Watts as a multiple offender to serve consecutive sentences of one-hundred (100) years in prison at hard labor on each count without benefit of parole, probation, or suspension of sentence.[12]  The Court also denied Watts's motion to reconsider the sentence.[13]

---

[6]St. Rec. Vol. 1 of 6, Trial Minutes, 1/12/04; Trial Minutes, 1/13/04; Jury Verdict, 1/13/04; Trial Transcript, 1/12/04; Trial Transcript, 1/13/04; St. Rec. Vol. 2 of 6, Trial Transcript (continued), 1/13/04.

[7]St. Rec. Vol. 1 of 6, Sentencing Minutes, 3/11/04; Motion for New Trial, 1/15/04; Motion for Post-Verdict Jugdment of Acquittal, 1/15/04; St. Rec. Vol. 2 of 6, Sentencing Transcript, 3/11/04.

[8]St. Rec. Vol. 1 of 6, Sentencing Minutes, 3/11/04; St. Rec. Vol. 2 of 6, Sentencing Transcript, 3/11/04.

[9]St. Rec. Vol. 1 of 6, Sentencing Minutes, 3/11/04; Motion to Reconsider Sentence, 1/15/04; Trial Court Order, 3/11/04.

[10]St. Rec. Vol. 1 of 6, Sentencing Minutes, 3/11/04; Multiple Bill, 3/4/04.

[11]St. Rec. Vol. 1 of 6, Multiple Bill Hearing Minutes, 2/24/05; St. Rec. Vol. 2 of 6, Multiple Bill Hearing Transcript, 2/24/05.

[12]*Id.*

[13]St. Rec. Vol. 2 of 6, Motion to Reconsider Sentence, 3/22/05; Trial Court Order, 3/29/05.

On direct appeal of the convictions, Watts's appointed counsel argued that the State failed to prove specific intent and the sentence imposed was excessive.[14]  The Louisiana Fourth Circuit affirmed the convictions on May 6, 2005, finding no merit in the first issue.[15]  The Court also found that the second issue was moot because the original sentences were vacated at the multiple bill hearing.  The Louisiana Supreme Court denied Watts's related writ application without stated reasons on February 3, 2006.[16]

On appeal from the multiple offender proceeding, Watts's appointed counsel argued that the sentences were excessive and the Trial Court erred by enhancing all three sentences.[17]  Agreeing with the error in the enhancement of the three counts, the Louisiana First Circuit remanded the matter for determination of which count was to be enhanced if a new multiple bill was filed by the State.

On remand, the State filed a multiple bill on April 21, 2006, charging Watts as a second offender in connection with the first count of attempted first degree murder of Deputy Taylor.[18]  At the hearing held on September 6, 2006, the State withdrew the multiple bill and, after waiver of legal delays, the Court sentenced Watts on September 7, 2006, to serve consecutive terms of fifty (50) years

---

[14]St. Rec. Vol. 4 of 6, 1st Cir. Opinion, 2004-KA-1926, p. 2, 5/6/05.

[15]*Watts*, 903 So.2d at 21; St. Rec. Vol. 4 of 6, 1st Cir. Opinion, 2004-KA-1926, 5/6/05.

[16]*State v. Watts*, 922 So.2d 1175 (La. 2006); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2005-KO-1680, 2/3/06; La. S. Ct. Writ Application, 05-KO-1680, 6/27/05 (postal meter 5/25/05).

[17]*State v. Watts*, 925 So.2d 772 (La. App. 1st Cir. 2006) (Table); St. Rec. Vol. 4 of 6, 1st Cir. Opinion, 2005-KA-1549, p. 2, 3/24/06.

[18]St. Rec. Vol. 4 of 6, Multiple Bill, 4/21/06.

4

in prison at hard labor on each count without benefit of parole, probation, or suspension of sentence.[19] The Court also denied Watts's motion to reconsider the sentence.[20]

On appeal from the resentencing, the Louisiana First Circuit affirmed the sentences finding no merit in Watts's claim that the sentences were excessive.[21]   The Louisiana Supreme Court denied Watts's related writ application without stated reasons on January 7, 2008.[22]

Watts's convictions and sentences became final ninety (90) days later, on Monday, April 7, 2008,[23] because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (holding period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) (finding that in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'").

Almost two years later, on February 5, 2010, Watts's through retained counsel filed with the state trial court an application for application for post-conviction relief raising the following grounds for relief:[24] (1) counsel provided ineffective assistance when he failed to properly advise petitioner to

---

[19]St. Rec. Vol. 4 of 6, Multiple Bill Hearing Transcript, 9/6/06; Multiple Bill Hearing Transcript, 9/7/06.

[20]St. Rec. Vol. 4 of 6, Motion to Reconsider Sentence, 9/7/07; Multiple Bill Hearing Transcript, 9/7/06.

[21]*State v. Watts*, 958 So.2d 1216 (La. App. 1st Cir. 2006) (Table); St. Rec. Vol. 5 of 6, 1st Cir. Opinion, 2007-KA-0013, 6/6/07.

[22]*State v. Watts*, 973 So.2d 734 (La. 2008); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2007-K-1309, 1/7/08; La. S. Ct. Writ Application, 07-K-1309, 6/25/07.

[23]The ninetieth day fell on Sunday, April 6, 2008, moving the end of the period to the next business day, Monday, April 7, 2008.  La. Code Crim. P. art. 13.

[24]St. Rec. Vol. 5 of 6, Application for Post-Conviction Relief, 2/5/10.

enter a plea of not guilty by reason of insanity or mental disease or defect, failed to file a motion to suppress; failed to properly investigate and subpoena witnesses; and failed to properly object at trial and move to excuse certain jurors; (2) the sentence was excessive; (3) the sentence was excessive in violation of Due Process; and (4) the insanity issue was improperly raised and reviewed in a procedurally defective manner.  The Trial Court denied the application on August 12, 2011, finding the petition to be procedurally barred for seeking untimely post-conviction relief pursuant to La. Code Crim. Proc. art. 930.8.[25]

After denial of reconsideration by the Trial Court, Watts's counsel sought review in the Louisiana First Circuit.[26]  The appellate court denied the application on February 13, 2013, also citing La. Code Crim. Proc. art. 930.8.[27]  The Louisiana Supreme Court denied the related writ application, also filed by Watts's counsel, without stated reasons on September 20, 2013.[28]

In the meantime, on January 3, 2013, Watts acting pro se submitted another application for post-conviction relief to the Trial Court arguing that the Court should consider his post-conviction claims of ineffective assistance of trial counsel because he received ineffective assistance from his post-conviction counsel as addressed in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012).[29]  After receiving a response from the State, the Trial Court denied Watts's application on May 24, 2013,

---

[25]St. Rec. Vol. 5 of 6, Trial Court Judgment, 8/12/11; Trial Court Order, 8/12/11.

[26]St. Rec. Vol. 6 of 6, 1st Cir. Writ Application, 2012-KW-2099, 12/21/12; St. Rec. Vol. 5 of 6, Motion for Reconsideration, 9/13/11; Minute Entry, 4/30/12.

[27]St. Rec. Vol. 5 of 6, 1st Cir. Order, 2012-KW-2099, 2/13/13.

[28]*State v. Watts*, 123 So.3d 165 (La. 2013); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2013-KP-0592, 9/20/13; La. S. Ct. Writ Application, 13-KP-0592, 3/18/13 (postal metered 3/15/13).

[29]St. Rec. Vol. 5 of 6, Application for Post-Conviction Relief, 1/17/13 (dated 1/3/13).

finding that Watts failed to meet the standards of *Strickland v. Washington*, 466 U.S. 668 (1984) as a basis for cause to excuse his procedural default as addressed in *Martinez*.[30]

The Louisiana First Circuit denied Watts's related writ application on December 20, 2013, finding that *Martinez* did not provide Watts with a remedy on state post-conviction review, and citing La. Code Crim. Proc. art. 930.8 in support of the denial of relief.[31]  Watts's did not seek further review.

## II.   **Federal Habeas Petition**

On March 31, 2014, Watts through retained counsel filed a petition for federal habeas corpus relief raising the following grounds for relief:[32] (1) ineffective assistance of trial counsel; (2) the sentences are excessive as imposed by the Trial Court.

The State filed an answer and memorandum in opposition to the petition arguing that it was not timely filed, all claims are not exhausted, and the exhausted claims are in procedural default.[33] Alternatively, the State also argues that the claims are without merit.  Watts did not file a reply or traverse to the State's opposition response.

## III.   **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[34] applies to this petition which was filed by counsel on March 31, 2014.

---

[30]St. Rec. Vol. 5 of 6, Trial Court Judgment, 5/24/13; State's Response, 2/4/13.

[31]St. Rec. Vol. 5 of 6, 1st Cir. Order, 2013-KW-1544, 12/20/13.

[32]Rec. Doc. No. 1.

[33]Rec. Doc. No. 16.

[34]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505, n.11 (5th Cir. 1992).

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State urges all three procedural defenses in opposition to Watts's petition. While there appears to be merit in each defense, the record confirms that Watts's federal petition is not timely filed, and the petition can be dismissed for that reason.

## IV.   <u>Statute of Limitations</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[35]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As calculated above, Watts's conviction was final on April 7, 2008, which was ninety (90) days after the Louisiana Supreme Court denied the writ application following Watts's re-sentencing.  Under § 2244, Watts had one year from that date, or until April 7, 2009, to file a timely federal application for habeas corpus relief which

---

[35]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

he did not do.  Thus, literal application of the statute would bar Watts's § 2254 petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

A.    **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'"); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction

9

in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on April 8, 2008, the day after Watts's convictions and sentences were final.  The one-year filing period ran uninterrupted until April 7, 2009, when it expired.  Watts had no properly filed state application for post-conviction or other collateral review pending during that time.  In fact, the state court record contains no other filings by Watts until his counsel filed an application for post-conviction relief with the state trial court on February 5, 2010.[36]  This pleading, filed after expiration of the AEDPA one-year filing period, provides no tolling benefit under the statute.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, Watts's federal petition filed by counsel on March 31, 2014, was not timely filed under the AEDPA.

### B.    No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d

---

[36]St. Rec. Vol. 5 of 6, Application for Post-Conviction Relief, 2/5/10.

806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

 Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal

district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Watts has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation.  The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling.  The record instead reflects that Watts was not diligent in pursuing his federal habeas review in a timely manner.  There simply is no basis for equitable tolling in this record.

### C.  *Martinez* Not Applicable

Although not addressed by either party in the federal petition, Watts acting pro se at the time urged the state courts to forgive his untimely state post-conviction filings based on the United States Supreme Court opinion in *Martinez*.  Out of an abundance of caution, the Court finds that *Martinez* would not create a new trigger for the one-year AEDPA filing period.

In *Martinez*, the Supreme Court discussed the long-standing holding in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), that habeas petitioners have no constitutional right to counsel on post-conviction review; therefore, deficient performance by post-conviction counsel does not excuse a procedural default.  The Supreme Court carved out an exception to that rule in situations where a State defendant is barred from raising an ineffective assistance of trial counsel claim at the initial level of review for raising such a claim:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.

The Court defined an "initial-review collateral proceeding" as "the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial." *Id*. at 1315, 1317. The Court resolved that, in state's where a claim of ineffective assistance of trial counsel is prohibited from direct appellate review, the Constitution would require assistance of counsel at the first level of review for that claim on post-conviction before a procedural bar can be imposed by the state courts. *Id*. at 1319-20. The Court made clear that its ruling was limited to situations when state law prohibits a defendant from raising an ineffective assistance of trial counsel claim on direct appeal, where he would have been entitled to counsel, and instead requires that the claim be raised on post-conviction review where there is no right to counsel, <u>and</u> the claim is found to be in procedural default. *Id*. at 1319-20; *see also*, *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911, 1921 (2013).

The *Martinez* rule therefore applies only to claims of ineffective assistance of trial counsel that are procedurally defaulted <u>and</u> where there was lack of, or ineffective, assistance by counsel during the initial collateral (or post-conviction) review. Thus, the Court resolved that the claim has to have some merit to establish that a prejudice occurred at the time the default was imposed. This prejudice as a result of the lack of (or ineffective assistance by) counsel may be considered to constitute "cause" to excuse a habeas petitioner's procedural default.

However, *Martinez* and its progeny do not address or require its application to the AEDPA's statute of limitations. *See*, *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012) (nothing in *Martinez* excuses a petitioner's failure to file his petition before the AEDPA's one-year statute of limitations ran); *see also*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any

potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report).  Watts would not be able to rely on *Martinez* as a new trigger for the one-year AEDPA filing period.

Furthermore, even if *Martinez* is considered in a limitations context, Watts would not benefit. Watts first challenged the effective assistance of his trial counsel in the 2010 state application for post-conviction relief filed by post-conviction counsel (the same counsel representing him here). While the Trial Court denied relief under La. Code Crim. Proc. art. 930.8, it denied reconsideration of its ruling finding no <u>merit</u> in the claims under the *Strickland* standard as a prerequisite to relief under *Martinez*.  That holding was confirmed by the Louisiana First Circuit, where it found that *Martinez* did not provide Watts with relief from the time-bar under La. Code Crim. Proc. art. 930.8. The Louisiana Supreme Court offered no further relief in its summary denial of the related writ filed by Watts's counsel.

Thus, of importance here is that Watts was represented by counsel when he made his first attempt to raise the ineffective assistance of trial counsel.  In addition, although his claims were procedurally barred from review by the state courts, the courts also found that he was not entitled to any relief under the *Martinez* decision.  He therefore would fall outside of any narrow exception that could be created by *Martinez* and its progeny, although the Court does not find that one is mandated by the precedent in this circuit.

For all of the foregoing reasons, Watts's federal petition filed by counsel on March 31, 2014, almost five years after the one-year AEDPA filing period expired on April 7, 2009, is untimely and should be dismissed for that reason.

**V.     Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Rodney Watts's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[37]

New Orleans, Louisiana, this 20th day of October, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[37]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.